Gerald A. Klein – CA State Bar No. 107727
klein@kleinandwilson.com
Brian M. Kelly – CA State Bar No. 292222
bkelly@kleinandwilson.com
KLEIN & WILSON
A Partnership of Professional Corporations
4770 Von Karman Avenue
Newport Beach, California 92660
(949) 631-3300; Facsimile (949) 631-3703

Attorneys for Plaintiff SWEET JAMES LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SWEET JAMES LLP, a limited liability partnership,<br><br>Plaintiff,<br><br>v.<br><br>LALEZARY LAW FIRM, LLP, a limited liability partnership; SHAWN LALEZARY, an individual; SHERVIN LALEZARY, an individual; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:<br>(1) TRADEMARK MISAPPROPRIATION; (2) UNFAIR COMPETITION; (3) TRADEMARK MISAPPROPRIATION; (4) COMMON LAW MISAPPROPRIATION; AND (5) UNFAIR COMPETITION;<br>DEMAND FOR JURY TRIAL** |

Plaintiff Sweet James LLP, a limited liability partnership ("Plaintiff") alleges the following against defendant Lalezary Law Firm, LLP, a limited liability partnership; Shawn Lalezary, an individual; Shervin Lalezary, an individual; and Does 1 through 10 (collectively "Defendants").

**PARTIES**

1. Plaintiff is a limited liability partnership licensed to do business in the State of California with its principal place of business in Newport Beach, California.

2. Lalezary Law Firm, LLP is limited liability partnership licensed to do business in the State of California with its principal place of business in Beverly Hills, California.

3. On information and belief, Shawn Lalezary is an individual residing in Los Angeles County, California who is a partner of Lalezary Law Firm, LLP.

4. On information and belief, Shervin Lalezary is an individual residing in Los Angeles County, California who is a partner of Lalezary Law Firm, LLP.

5. The true names and capacities whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff as of the time of the filing of this complaint.  Plaintiff, therefore, sues said DOE Defendants by their fictitious names.  Plaintiff is informed, believes, and thereon alleges, that each of the Defendants designated herein as a DOE Defendant is involved in, entitled to, or in some manner responsible as the principal, beneficiary, agent, coconspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events, and/or acts hereinafter described that proximately caused injuries and damages to Plaintiff, as alleged in this complaint.  Plaintiff will seek leave to amend this complaint to add the true names of these Defendants when their identities have been ascertained.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each Defendant was the agent, servant, and/or employee of the other Defendants, and each of them, and in the acts and omissions herein mentioned, was acting within the course and scope of said agency, servitude, and/or employment, or was otherwise derivatively liable for each of the other Defendants' acts.  At all times mentioned herein, each Defendant was chargeable with and bound by the knowledge and information received by and on behalf of each of the other Defendants.  All the acts of Defendants, and each of them, were ratified and adopted by the acts of their co-defendants, and each of them.

## JURISDICTION AND VENUE

7. The court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's complaint presents a federal question under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

8. The court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to Plaintiff's Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is appropriate in the Central District of California under 28 U.S.C. § 1391 because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. Plaintiff is one of the leading personal injury law firms in Southern California.

11. Plaintiff owns the registered trademark "Sweet James."

12. Through its founder and managing partner, James Bergener ("Bergener"), Plaintiff has branded and promoted itself with the "Sweet James" trademark.

13. Plaintiff actively promotes the "Sweet James" trademark. For several years, Bergener has appeared on Southern California radio stations promoting the "Sweet James" brand, including a segment on KIIS, KLOS, KROQ, KFYI, KCAL, KLAC, and many others called "Justice with Sweet James." Plaintiff advertises with the "Sweet James" trademark on radio, television, sports teams, and on billboards in California, Nevada, and Arizona. Plaintiff advertises with the "Sweet James" trademark through social media. Plaintiff has a sponsorship and paid to become "Sweet James the official attorney of the Los Angeles Clippers," distributing tens of thousands of t-shirts branded with "Sweet James" at basketball games. Since, 2012, Plaintiff has spent at least $50,000,000 promoting the "Sweet James" trademark, including $10,000,000 in the past twelve months alone.

14. Plaintiff's promotion of the "Sweet James" trademark has been extraordinarily successful. Since Plaintiff began using the "Sweet James" trademark, its revenues have substantially increased. Potential clients often call asking to speak to

"Sweet James." Strangers frequently recognize Bergener as "Sweet James" in public. The "Sweet James" trademark has been so successful it has allowed Plaintiff to enter into lucrative referral agreements with prominent personal injury attorneys throughout the United States who are attracted to the strength of the "Sweet James" trademark. The "Sweet James" trademark is so well-known, it is synonymous with Bergener and when the relevant general public hears the name "Sweet James," they associate the name with Plaintiff and Plaintiff's legal services.

15. Defendants operate a personal injury law firm in Beverly Hills, California that competes with Plaintiff.

16. Defendants knowingly and intentionally use Plaintiff's registered trademark "Sweet James" in commerce by paying Google and/or other internet search engine operators to place advertisements for their law firm on the results page for potential clients who search online for Plaintiff's registered trademark "Sweet James." Their purpose in doing so is to confuse the public into believing the services Defendants provide are Plaintiff's services, when they are not.

17. The practice of paying a search engine operator such as Google to place advertisements when internet users search for a particular term is called "search term bidding." As discussed below, Defendants' use the "search term bidding" process to confuse the relevant market into believing Defendants and Plaintiff are one in the same.

18. Defendants also use other terms and names affiliated with Plaintiff in commerce, such as "James Bergener" and "Sweet James Bergener," by bidding on those terms to cause the public to believe that when Defendants' advertisements appear, Defendants and Plaintiff are one in the same.

19. But Defendants' efforts to create confusion goes far beyond advertising placement. When potential clients see Defendants' advertisements and call Defendants' law firm, Defendants improperly use Plaintiff's registered trademark "Sweet James" fraudulently representing to those potential clients that Defendants are "part of the Sweet James umbrella."

20. As a result of Defendants' bidding on Plaintiff's registered trademark and other affiliated names and terms as search terms, and Defendants' fraudulent oral representations to potential clients that Defendants are "part of the Sweet James umbrella," Defendants have deceived clients who were seeking Plaintiff's services, not those of Defendants.

21. As a result of Defendants' wrongful conduct, Defendants have been unjustly enriched at Plaintiff's expense by capturing business that otherwise would have gone to Plaintiff.

22. As a result of Defendants' bidding on Plaintiff's registered trademark and other affiliated names and terms as search terms, and Defendants' fraudulent oral representations to potential clients that Defendants are "part of the Sweet James umbrella," Plaintiff has suffered actual damages in an amount to be proven at trial but in excess of the jurisdictional minimum of this court.

## FIRST CLAIM FOR RELIEF

### (For Trademark Misappropriation Under 15 U.S.C. § 1114

### Against All Defendants)

23. Plaintiff incorporates by reference paragraphs 10 through 22 of this complaint as though fully set forth herein.

24. Plaintiff owns the registered trademark "Sweet James" and has continuously used it since 2012.

25. The registered trademark "Sweet James" is distinctive and has acquired a secondary meaning though Plaintiff's marketing efforts.

26. Plaintiff used the registered trademark "Sweet James" prior to Defendants' use.

27. Defendants use Plaintiff's registered trademark in commerce by bidding on "Sweet James" as a search term so that Defendants' advertisements appear when potential clients search online for "Sweet James."

///

28. When those potential clients see Defendants' advertisements and call Defendants' law firm, Defendants further use Plaintiff's registered trademark "Sweet James" in commerce by orally and fraudulently representing to those potential clients that Defendants are "part of the Sweet James umbrella."

29. Defendants actions are likely to confuse and do confuse clients because potential clients searching for Plaintiff's registered trademark "Sweet James," who then call the number included in Defendants' advertisement and are told Defendants' law firm is "part of the Sweet James umbrella," are likely to believe Defendants are affiliated with Plaintiff when they are not.

30. Defendants intended to locate potential clients looking to hire Plaintiff by bidding on the trademarked name and then deceiving these potential clients into believing Defendants were doing business with an affiliate of Plaintiff, when they were not.

31. As a result of this wrongful and deceptive conduct, Defendants have unjustly enriched themselves at Plaintiff's expense by diverting business to Defendants which otherwise would have gone to Plaintiff.  Plaintiff is, therefore, entitled to disgorgement of Defendants' profits from the use of Plaintiff's registered trademark.

32. Defendants' actions have caused Plaintiff actual damages in an amount to be proven at trial in excess of the jurisdictional minimum of the court.

33. In addition to damages, Plaintiff is entitled to an injunction prohibiting Defendants' use of Plaintiff's registered trademark "Sweet James," including in search term bidding and in oral representations to potential clients.

34. Because Defendants have intentionally palmed their services off as if they were Plaintiff's, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(b).

35. Because Defendants' actions are fraudulent and willful, this is an "exceptional" case justifying an award of reasonable attorneys' fees to Plaintiff under 15 U.S.C. § 1117(a).

/ / /

**SECOND CLAIM FOR RELIEF**

**(For Unfair Competition Under 15 U.S.C. § 1125**

**Against All Defendants)**

36. Plaintiff incorporates by reference paragraphs 10 through 22 and 24 through 35 of this complaint as though fully set forth herein.

37. Plaintiff owns the registered trademark "Sweet James." Through Plaintiff's marketing efforts, the terms "James Bergener" and "Sweet James Bergener" – which are variations on Plaintiff's registered trademark – have also come to be associated with Plaintiff. Plaintiff has used these terms continuously since 2012.

38. The terms "Sweet James," "James Bergener," and "Sweet James Bergener" are distinctive and have acquired a secondary meaning though Plaintiff's marketing efforts.

39. Plaintiff used the terms "Sweet James," "James Bergener," and "Sweet James Bergener" before Defendants.

40. Defendants use the terms "Sweet James," "James Bergener," and "Sweet James Bergener" in commerce by bidding on these phrases as search terms so that Defendants' advertisements appear when potential clients search online for those terms.

41. When those potential clients see Defendants' advertisements and call Defendants' law firm, Defendants further use "Sweet James" in commerce by orally and fraudulently representing to those potential clients that Defendants are "part of the Sweet James umbrella."

42. Defendants actions are likely to confuse clients and do confuse clients because a client searching for "Sweet James," "James Bergener," or "Sweet James Bergener," who then calls the number included in Defendants' advertisement and is told Defendants' law firm is "part of the Sweet James umbrella," is likely to believe Defendants are affiliated with Plaintiff when they are not.

43. Defendants' wrongful and deceptive actions have unjustly enriched themselves at Plaintiff's expense by diverting business to Defendants which otherwise

would have gone to Plaintiff. Plaintiff is, therefore, entitled to disgorgement of Defendants' profits from the use of Plaintiff's registered trademark.

44. Defendants' actions have caused Plaintiff actual damages in an amount to be proven at trial in excess of the jurisdictional minimum of the court.

45. Plaintiff is entitled to an injunction prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," including in search term bidding and in oral representations to potential clients.

46. Because Defendants have intentionally palmed their services off as if they were Plaintiff's, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(b).

47. Because Defendants' actions are fraudulent and willful, this is an "exceptional" case justifying an award of reasonable attorneys' fees to Plaintiff under 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

**(For Trademark Misappropriation Under Cal. Bus. & Prof. Code § 14245 Against All Defendants)**

48. Plaintiff incorporates by reference paragraphs 10 through 22, 24 through 35, and 37 through 47 of this complaint as though fully set forth herein.

49. Plaintiff owns the registered trademark "Sweet James" and has continuously used it since 2012.

50. The registered trademark "Sweet James" is distinctive and has acquired a secondary meaning though Plaintiff's marketing efforts.

51. Plaintiff used the registered trademark "Sweet James" prior to Defendants' use.

52. Defendants use Plaintiff's registered trademark in commerce by bidding on "Sweet James" as a search term so that Defendants' advertisements appear when potential clients search online for "Sweet James."

53. When those potential clients see Defendants' advertisements and call Defendants' law firm, Defendants further use Plaintiff's registered trademark "Sweet

494566_1

James" in commerce by orally and fraudulently representing to those potential clients that Defendants are "part of the Sweet James umbrella."

54. Defendants actions are likely to confuse clients because a client searching for Plaintiff's registered trademark "Sweet James," who then calls the number included in Defendants' advertisement and is told Defendants' law firm is "part of the Sweet James umbrella," is likely to believe Defendants are affiliated with Plaintiff when they are not.

55. Defendants' actions have unjustly enriched them at Plaintiff's expense by diverting business to Defendants which otherwise would have gone to Plaintiff. Plaintiff is, therefore, entitled to disgorgement of Defendants' profits from the use of Plaintiff's registered trademark.

56. Defendants' actions have caused Plaintiff actual damages in an amount to be proven at trial in excess of the jurisdictional minimum of the court.

57. Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code § 14250 prohibiting Defendants' use of Plaintiff's registered trademark "Sweet James," including in search term bidding and in oral representations to potential clients.

58. Plaintiff is entitled to treble damages under Cal. Bus. & Prof. Code § 14245.

59. Because Defendants' actions are oppressive, fraudulent, and malicious, Plaintiff is entitled to punitive damages.

## FOURTH CLAIM FOR RELIEF

**(For Common Law Misappropriation Against All Defendants)**

60. Plaintiff incorporates by reference paragraphs 10 through 22, 24 through 35, 37 through 47, and 49 through 59 of this complaint as though fully set forth herein.

61. Plaintiff has made a substantial investment of time, effort, and money into creating the "Sweet James" brand and registered trademark, as well as associated terms such as "James Bergener" and "Sweet James Bergener." Through Plaintiff's marketing efforts, the terms "James Bergener" and "Sweet James Bergener" – which are variations

on Plaintiff's registered trademark – have also come to be associated with Plaintiff. Plaintiff has used these terms continuously since 2012.

62. The terms "Sweet James," "James Bergener," and "Sweet James Bergener" are distinctive and have acquired a secondary meaning though Plaintiff's marketing efforts.

63. Plaintiff used the terms "Sweet James," "James Bergener," and "Sweet James Bergener" before Defendants.

64. Defendants have misappropriated the terms "Sweet James," "James Bergener," and "Sweet James Bergener" at little or no cost by bidding on these phrases as search terms so that Defendants' advertisements appear when potential clients search online for those terms.

65. When those potential clients see Defendants' advertisements and call Defendants' law firm, Defendants further misappropriate the "Sweet James" trademark by orally and fraudulently representing to those potential clients that Defendants are "part of the Sweet James umbrella."

66. Defendants' actions have unjustly enriched them at Plaintiff's expense by diverting business to Defendants which otherwise would have gone to Plaintiff. Plaintiff is, therefore, entitled to disgorgement of Defendants' profits from the use of Plaintiff's registered trademark.

67. Defendants' actions have caused Plaintiff actual damages in an amount to be proven at trial in excess of the jurisdictional minimum of the court.

68. Plaintiff is entitled to injunctive relief prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," including in search term bidding and in oral representations to potential clients.

69. Because Defendants' actions are oppressive, fraudulent, and malicious, Plaintiff is entitled to punitive damages.

/ / /

/ / /

# FIFTH CLAIM FOR RELIEF

## (For Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.

## Against All Defendants)

70. Plaintiff incorporates by reference paragraphs 10 through 22, 24 through 35, 37 through 47, 49 through 59, and 61 through 69 of this complaint as though fully set forth herein.

71. Defendants' use of the terms "Sweet James," "James Bergener," and "Sweet James Bergener" in search term bidding and their oral representations to potential clients that they are "part of the Sweet James umbrella" are unlawful because they violate state and federal trademark laws and prohibitions on fraud.

72. Defendants' use of the terms "Sweet James," "James Bergener," and "Sweet James Bergener" in search term bidding and their oral representations to potential clients that they are "part of the Sweet James umbrella" are fraudulent because Defendants are not affiliated with Plaintiff.

73. Plaintiff has lost money as a result of Defendants' actions.

74. Defendants' actions have unjustly enriched them at Plaintiff's expense by diverting business to Defendants which otherwise would have gone to Plaintiff. Plaintiff is, therefore, entitled to disgorgement of Defendants' profits from the use of Plaintiff's registered trademark.

75. Plaintiff is entitled to injunctive relief prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," either in search term bidding or in oral representations to potential clients.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants.

**As to the First Claim for Relief:**

1. Damages according to proof;
2. Disgorgement of Defendants' profits;
3. Treble damages under 15 U.S.C. § 1117(b);

11

494566_1

4. An injunction prohibiting Defendants' use of Plaintiff's registered trademark "Sweet James," including in search term bidding and in oral representations to potential clients;

5. Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

6. Prejudgment interest;

7. Costs of suit; and

8. Any and all relief the court may deem just and proper.

**As to the Second Claim for Relief:**

9. Damages according to proof;

10. Disgorgement of Defendants' profits;

11. Treble damages under 15 U.S.C. § 1117(b);

12. An injunction prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," including in search term bidding and in oral representations to potential clients;

13. Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

14. Prejudgment interest;

15. Costs of suit; and

16. Any and all relief the court may deem just and proper.

**As to the Third Claim for Relief:**

17. Damages according to proof;

18. Disgorgement of Defendants' profits;

19. Treble damages under Cal. Bus. & Prof. Code § 14250;

20. An injunction prohibiting Defendants' use of Plaintiff's registered trademark "Sweet James," including in search term bidding and in oral representations to potential clients;

21. Punitive damages according to proof;

22. Prejudgment interest;

23. Costs of suit; and

24. Any and all relief the court may deem just and proper.

**As to the Fourth Claim for Relief:**

25. Damages according to proof;

26. Disgorgement of Defendants' profits;

27. An injunction prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," including in search term bidding and in oral representations to potential clients;

28. Punitive damages according to proof;

29. Prejudgment interest;

30. Costs of suit; and

31. Any and all relief the court may deem just and proper.

**As to the Fifth Claim for Relief:**

32. Disgorgement of Defendants' profits;

33. A constructive trust on Defendants' profits from the use of "Sweet James," "James Bergener," and "Sweet James Bergener";

34. An injunction prohibiting Defendants' use of "Sweet James," "James Bergener," and "Sweet James Bergener," including in search term bidding and in oral representations to potential clients;

35. Prejudgment interest;

36. Costs of suit; and

37. Any and all relief the court may deem just and proper.

Respectfully submitted,

KLEIN & WILSON

Dated: April 24, 2020

By: /s/ *Gerald A. Klein*
Gerald A. Klein, P.C.
Attorneys for Plaintiff Sweet James LLP

**DEMAND FOR JURY TRIAL**

Plaintiff Sweet James LLP demands a jury trial in this case pursuant to Fed. R. Civ. P. 38(a).

Respectfully submitted,

KLEIN & WILSON

Dated: April 24, 2020

By: */s/ Gerald A. Klein*
Gerald A. Klein, P.C.
Attorneys for Plaintiff Sweet James LLP

494566_1